UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| VIRGINIA MARIE NYE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ALLOY WHEEL REPAIR SPECIALISTS, LLC, SOUNDCORE CAPITAL PARTNERS, LLC and ROB WHEELEY,<br><br>　　　　Defendants. | CIVIL ACTION NO.<br><br>1:18-CV-05622-JPB |

**ORDER ADOPTING NON-FINAL REPORT AND RECOMMENDATION**

This matter comes before the Court on the Magistrate Judge's Non-Final Report and Recommendation [Doc. 21]. This Court finds as follows:

PROCEDURAL HISTORY

Virginia Marie Nye ("Plaintiff") was employed by Defendant Alloy Wheel Repair Specialists, LLC ("AWRS")—who is a wholly owned subsidiary of Defendant Soundcore Capital Partners, LLC ("Soundcore")—from November 2010 until she was terminated on September 15, 2017. [Doc. 1, p. 7]. Plaintiff asserts that she was a successful executive throughout the duration of her employment. Id. at 9-11.

In January 2017, Plaintiff reported to human resources that Defendant Rob Wheeley—Defendant AWRS's CEO—was engaged in an inappropriate sexual relationship with a subordinate employee. Id. at 7. Plaintiff asserts that after she reported Defendant Wheeley, she was demoted, treated unfairly and terminated from her employment. Ultimately, Plaintiff alleges that she was terminated based on gender and age discrimination and in retaliation for reporting Defendant Wheeley's sexual relationship. As a result, Plaintiff filed suit and brought the following causes of actions against the defendants: (1) discrimination; (2) retaliation; (3) hostile work environment; (4) intentional infliction of emotional distress; and (5) negligent retention.

For different reasons, all three defendants moved to dismiss Plaintiff's Complaint. On April 15, 2019, the Magistrate Judge issued his Non-Final Report and Recommendation. [Doc. 21]. As to Defendant AWRS's Motion to Dismiss, the Magistrate Judge recommended granting it in part and denying it in part. Id. The Magistrate Judge recommended granting the motions to dismiss of Defendant Soundcore and Defendant Wheeley. Id.

## ANALYSIS

A district judge has broad discretion to accept, reject or modify a magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447

U.S. 667, 680 (1980).  Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the Report and Recommendation that is the subject of a proper objection on a *de novo* basis and any non-objected-to portion under a "clearly erroneous" standard.  Notably, a party objecting to a recommendation "must specifically identify those findings objected to.  Frivolous, conclusive, or general objections need not be considered by the district court."  Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988).  It is reasonable to place this burden on the objecting party because "[t]his rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act."  United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009).

### I. Defendant Soundcore's Motion to Dismiss and Defendant Wheeley's Motion to Dismiss

There were no objections to the Magistrate Judge's recommendation to grant Defendant Soundcore and Defendant Wheeley's motions to dismiss.  Because no objections were filed, and in accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court has reviewed those portions of the Non-Final Report and Recommendation for clear error and finds none.  As to those sections, the Court APPROVES AND ADOPTS the Non-Final Report and Recommendation [Doc. 21] as the judgment of the Court.

**II.   Defendant AWRS's Motion to Dismiss**

As to the Magistrate Judge's recommendation that Defendant AWRS's Motion to Dismiss be granted in part and denied in part, Plaintiff timely filed objections.  [Doc. 26].  Each one will be addressed in turn.

    A.  <u>Exhaustion</u>

Finding that Plaintiff did not administratively exhaust her remedies, the Magistrate Judge recommended dismissing Plaintiff's Title VII claims relating to her termination.  Plaintiff argues that this was error because:  (1) her termination necessarily arose out of the charge presented to the EEOC; and (2) her intake questionnaire made clear that Plaintiff alleged her termination was discriminatory.[1]  Plaintiff alternatively argues that she should be allowed to amend her EEOC charge.

        i.   Plaintiff's Termination and the EEOC Charge

Plaintiff filed her Charge of Discrimination with the EEOC on February 2, 2018.  [Doc. 6-2].  In the charge, Plaintiff checked the boxes for discrimination

---

[1] This Court notes that Plaintiff did not argue to the Magistrate Judge that her intake questionnaire should be considered.  She had the opportunity to raise this issue in response to Defendant AWRS's motion but did not.  Although this Court is not required to consider new arguments raised for the first time in objections, in an abundance of caution, this Court will analyze whether the intake questionnaire should be considered in determining whether Plaintiff exhausted her remedies.

4

based on sex, age and retaliation.  Id.  When identifying the particulars of the discrimination, Plaintiff asserted that male senior managers were given more stock options, she was retaliated against, she was demoted and a systemic environment of gender discrimination existed.  Id.  Because she did not reference her termination in the charge, the Magistrate Judge recommended dismissing any discrimination claims related to her termination as unexhausted.

"No action alleging a violation of Title VII may be brought unless the alleged discrimination has been made the subject of a timely-filed EEOC charge." Thomas v. Miami Dade Pub. Health Tr., 369 Fed. App'x 19, 22 (11th Cir. 2010).  In other words, before filing a judicial complaint, a plaintiff is required to exhaust her remedies.  "The purpose of this exhaustion requirement 'is that the [EEOC] should have the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts.'"  Gregory v. Ga. Dep't of Human Res., 355 F.3d 1277, 1279 (11th Cir. 2004).  In determining whether the claim is exhausted, the proper inquiry is whether the plaintiff's judicial complaint is like or related to, or grew out of, the administrative allegations.  Thomas, 369 Fed. App'x at 22.  Judicial complaints are proper if they "amplify, clarify, or more clearly focus" the allegations in the EEOC complaint.  Id.  However, "allegations of new acts of

discrimination are inappropriate." Id.  Importantly, and especially relevant to this case, the Eleventh Circuit has recognized that termination is a discrete act of discrimination.  Basel v. Sec'y of Def., 507 Fed. App'x 873, 876 (11th Cir. 2013).

Here, even though Plaintiff had already been terminated at the time she filed the charge, Plaintiff's charge only references the following adverse employment actions:  the additional stock options given to male employees; and her demotion. When asked to identify the particulars of the discrimination, Plaintiff never mentioned her termination.

This Court finds that the Magistrate Judge correctly determined that Plaintiff's termination was not properly presented to the EEOC and therefore not exhausted.  See Thomas, 369 Fed. App'x at 22 (finding that any other acts of discrimination that occurred before the date of the EEOC charge and not included in the charge were not exhausted and could not be considered by the district court). This Court finds that Plaintiff's charge to the EEOC regarding the stock options and her demotion would not reasonably lead the EEOC to investigate whether Plaintiff was terminated on the basis of her gender or age, which is a completely separate act of discrimination.  Plaintiff's termination does not "clarify, amplify, or more clearly focus the allegations in the original EEOC complaint, but rather" alleges a new act of discrimination that the Eleventh Circuit has determined is

6

inappropriate.  Lambert v. Ala. Dept. of Youth Servs., 150 Fed. App'x 990, 994 (11th Cir. 2005).  Ultimately, this Court finds that Plaintiff's termination constituted a discrete employment act of which she knew about at the time she filed her EEOC charge, and because she did not present the issue to the EEOC, Plaintiff failed to exhaust her administrative remedies.

    ii. The Intake Questionnaire

In an attempt to get around the omission of her termination in the EEOC charge, Plaintiff argues that this Court should consider her intake questionnaire—which Plaintiff presented to the EEOC at the same time she filed the charge.  The Eleventh Circuit has not definitively decided whether an EEOC intake questionnaire may be considered when determining whether a plaintiff's claim has been exhausted.  Francois v. Miami Dade Cty., 432 Fed. App'x 819, 822 (11th Cir. 2011).  This Court need not decide this precise issue either because the facts in this case do not support Plaintiff's argument that her intake questionnaire should be considered.  See id.

This Court finds that the circumstances of this case do not support taking Plaintiff's intake questionnaire into account in determining whether she exhausted her administrative remedies.  Here, Plaintiff's intake questionnaire was not verified.  See id. at 822.  Furthermore, Plaintiff filed an actual charge the same day,

which suggests that she did not intend her intake questionnaire to function as the charge. See id. Ultimately, this Court will not consider Plaintiff's intake questionnaire in determining whether she exhausted her administrative remedies, and therefore Plaintiff's objection is OVERRULED.

### iii. Amendment of the EEOC Charge

Plaintiff alternatively argues that should this Court find that she did not exhaust her termination claim, as is the case here, then she should be allowed to amend her EEOC charge. Plaintiff cites to no case law to support her position that an amendment is allowed at this stage of the proceedings (after the EEOC investigation has closed its investigation and issued a right to sue letter).

29 C.F.R. § 1601.12(b), which is the sole provision Plaintiff relies upon, provides that an EEOC charge "may be amended to . . . clarify and amplify allegations made therein." This Court finds that the regulation only applies, however, when the EEOC charge is a viable one in the EEOC's files. Balazs v. Liebenthal, 32 F.3d 151, 157 (4th Cir. 1994). Where a right to sue letter has been issued and the EEOC has closed its file, there is no longer a charge capable of being amended. Id. "This construction of the regulation imparts certainty to the proceeding which is helpful to the parties and the court . . . ." Id.

In this case, Plaintiff seeks leave to amend her EEOC charge to include a new discriminatory act not only after the time period for filing an EEOC charge has expired, but also more than six months after the EEOC closed its file and issued a notice of right to sue, five months after Plaintiff filed suit and four months after the defendants moved to dismiss. In fact, Plaintiff did not seek leave to amend to add a new charge of discrimination until after the Magistrate Judge issued his recommendation. "Because the EEOC long ago closed its files on Plaintiff's case, there is no longer a charge in front of the EEOC to amend . . . ." Butler v. Greif, Inc., 1:07-CV-1978-ODE, 2008 WL 11424203, at *5 (N.D. Ga. 2008), aff'd, 325 Fed. App'x 748 (11th Cir. 2009). Thus, Plaintiff's request to amend is DENIED as untimely. Ultimately, this Court finds that allowing Plaintiff to amend the charge to add a new act of discrimination at this late stage would prejudice Defendant and defeat the purposes of the exhaustion requirement because Defendant would have had no adequate opportunity to resolve the issue prior to litigation. See id.

B. State Law Claims

The Magistrate Judge recommended dismissing Plaintiff's state law claims for intentional infliction of emotional distress and negligent retention. The Magistrate Judge determined that Plaintiff did not sufficiently allege that she

9

suffered emotional distress. In Plaintiff's objections, Plaintiff does not object to the substance of the Magistrate Judge's recommendation but simply requests that "she be allowed to amend her complaint and voluntarily dismiss [the state law claims] without prejudice." [Doc. 26, p. 12].

A party may amend her pleading once as a matter of course within twenty-one days after serving it or within twenty-one days after service of a motion under Rule 12(b). Fed. R. Civ. Pro. 15(1). "In all other cases, a party may amend [her] pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. Pro. 15(2).

Plaintiff can only amend her complaint with the Court's leave. As already stated above, the court "should freely give" leave to amend "when justice so requires." Denial of leave to amend is only appropriate in the following circumstances: (1) where there has been an undue delay, bad faith, dilatory motive or repeated failures to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile. Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001).

In this case, justice does not require granting Plaintiff leave to amend and Plaintiff has cited no authority which would allow this unique relief (i.e., allowing

an amendment to effectuate a dismissal without prejudice after a magistrate judge has recommended granting a dispositive motion).  Waiting until after the Magistrate Judge issued his recommendation shows undue delay and would result in unfair prejudice.  If Plaintiff wanted to dismiss her state court claims without prejudice, she should have filed an amended complaint within twenty-one days of the filing of the motion to dismiss.  Instead, Plaintiff argued against dismissal and only seeks to dismiss to avoid an unfavorable ruling.  Lastly, amendment as to the state law claims would be futile as Plaintiff admits that she is not requesting leave to amend to correct pleading deficiencies.  Ultimately, amendment under these circumstances is not proper, and therefore Plaintiff's request for leave to amend so that she can dismiss her state law claims without prejudice is DENIED.

## CONCLUSION

After reviewing the entirety of the Report and Recommendation and considering Plaintiff's objections, the Non-Final Report and Recommendation is ADOPTED as the order of this Court.  For the reasons stated in the Report and Recommendation, Defendant AWRS's Motion to Dismiss [Doc. 6] is GRANTED IN PART AND DENIED IN PART and Defendant Soundcore and Defendant Wheeley's motions [Docs. 11 and 18] are GRANTED.  Plaintiff's claims against

Defendant AWRS for hostile work environment discrimination and retaliation under Title VII are allowed to proceed, but her remaining claims are dismissed.

IT IS HEREBY ORDERED that Plaintiff shall file an amended complaint removing her dismissed claims and Defendant Soundcore and Defendant Wheeley no later than March 6, 2020. Defendant AWRS shall answer within fourteen days of the docketing of the amended complaint.

**SO ORDERED** this 21st day of February, 2020.

_____
J. P. BOULEE
United States District Judge